IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| USIR CUSH EL a/k/a Terrell Dixon, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | C.A. No. 23-485 (MN) |
| ) | |
| BRIAN EMIG, Warden, and ATTORNEY ) | |
| GENERAL OF THE STATE OF ) | |
| DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM ORDER**

At Wilmington, this 5th day of July 2023;

Petitioner is an inmate at Howard R. Young Correctional Institution in Wilmington, Delaware. He has filed papers which appear to be challenging unidentified convictions on the ground that the Delaware courts lacked jurisdiction to convict him because he is a "Moorish American." (*See* D.I. 1; D.I. 3). He requests "immediate release." (D.I. 1 at 1).

**I.   DISCUSSION**

The Court liberally construes the instant filings as an application for habeas relief under 28 U.S.C. § 2254. Although not entirely clear, Petitioner appears to assert that he is immune from the laws of the United States because he is a Moorish citizen and, therefore, his unidentified convictions should be reversed and he should be released from his incarceration in a Delaware correctional institution. This argument has no basis in law or fact. Regardless of Petitioner's nationality or religion, he is subject to the laws of the jurisdiction in which he resides. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 applications); *see, e.g., Jones-Bey v. Alabama*, 2014 WL 1233826, at *3 (N.D. Ala. Mar. 25, 2014) ("There is no basis in the law for such a claim"

that the State of Alabama did not have jurisdiction to prosecute and imprison petitioner based on his ancestry as a "Moorish American."); *Bey v. Bailey,* 2010 WL 1531172, at *4 (S.D.N.Y. Apr. 15, 2010) ("the suggestion that Petitioner is entitled to ignore the laws of the State of New York by claiming membership in the Moorish-American nation is without merit and cannot be the basis for habeas relief."); *Osiris v. Brown*, 2005 WL 2044904, at *2-*3 (D. N.J. Aug. 24, 2005); *see also Byrd v. Blackman*, 2006 WL 2924446, at *1 n.1 (E.D. Pa. Oct. 5, 2006) (explaining the background of the Moorish beliefs). Therefore, Petitioner's status as a "Moorish American" does not provide a viable challenge to his convictions.

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. Petitioner does not assert any other challenges to his unidentified Delaware state court convictions. Thus, the Court will summarily dismiss the instant Petition because Petitioner has failed to assert a basis for federal habeas relief.

## II.     CONCLUSION

THEREFORE, for the reasons set forth above, IT IS HEREBY ORDERED Petitioner Usir Cush El's construed § 2254 Petition (D.I. 1; D.I. 3) is SUMMARILY DISMISSED. The Court declines to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). The Clerk shall send a copy of this Memorandum and Order to Petitioner at his address on record, and close this case.

*Maryellen Noreika*<br>
The Honorable Maryellen Noreika<br>
United States District Judge